**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DAVID DAWSON**                                                                                          **PLAINTIFF**
**ADC #095958**

**V.**                              **CASE NO. 4:16-CV-603 SWW-JTK**

**MICHAEL WRIGHT, Prosecuting Attorney,**
**Pulaski County; BRANDY TURNER, Public Defender,**
**Pulaski County**                                                                                      **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

      This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

      Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

      If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.      _In Forma Pauperis_ Application:**

      Plaintiff David Dawson, an Arkansas Department of Correction ("ADC") inmate, filed this case without the help of a lawyer under 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP").  (Doc. Nos. 1 and 2).  Because he has provided the documentation required by 28 U.S.C. Section 1915(a), Dawson's motion to proceed IFP (No. 1) is GRANTED.

Prisoners who are allowed to file civil actions IFP still must pay the entire $350.00 filing fee. 28 U.S.C. §1915(b)(1).  Because these plaintiffs cannot afford to pay the filing fee in a lump sum, money is withdrawn from their prison trust fund accounts in monthly installments.  28 U.S.C § 1915(b)(1)-(2).

Inmate plaintiffs must include with their IFP applications a calculation sheet with information about their prison trust account.  Based on information in the application and calculation sheet, the Court will assess an initial partial filing fee if there is enough money in the prisoner's account and direct the collection of monthly installment payments until the filing fee is paid in full. 28 U.S.C § 1915(b)(1)-(2).

In this case, based on the information contained in Dawson's application to proceed IFP, the Court will assess an initial partial filing fee of $8.90.  Dawson's present custodian is required to collect the initial partial filing fee from his prison trust account and send it to the Clerk of the Court. In addition, his custodians are obligated to collect monthly payments of 20% of the preceding month's income credited to Dawson's prison trust account each time the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  These payments should be clearly identified by the name and number assigned to this action.

The Clerk of the Court is directed to send a copy of this Order to the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611, the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612, and the Warden of the Grimes Unit, Arkansas Department of Correction, 300 Corrections Drive, Newport, Arkansas 72112.

III.   **Discussion**:

Before docketing the complaint, or as soon thereafter as practicable, a prisoner's complaint must be reviewed to identify cognizable claims and must be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915A. Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. See Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

Dawson alleges that Defendants violated his procedural due process by not granting him an evidentiary hearing. (No. 2).  He claims he is now imprisoned as a result of Defendants' ineffective assistance of counsel.  It appears from his complaint that he is awaiting a criminal trial.  He wants his charges dropped.

Prosecutors are "protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *See Anderson v. Larson,* 327 F.3d 762, 768 (8th Cir. 2003); *Reasonover  v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006).  Dawson has, therefore, failed to state a claim against Defendant

Wright.

Public defenders are likewise immune from suit.  In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Thus, a prisoner cannot bring a § 1983 claim against a public defender for the alleged ineffective assistance of counsel in a criminal proceeding.  Dawson's claim against Defendant Turner should be dismissed.

**IV.**   **Conclusion**:

The Court recommends that Dawson's claims be DISMISSED, with prejudice, based on his failure to state claim upon which relief may be granted.  The Court also recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an IFP appeal of this dismissal be considered frivolous and not in good faith.

DATED this 31st day of August, 2016.

_____

UNITED STATES MAGISTRATE JUDGE